# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 3:17-cr-190
                                                          Also 3:19-cv-87

                                                            District Judge Walter H. Rice
  -  vs  -                                   Magistrate Judge Michael R. Merz

DEANDRE EUGENE WHITE,

                Defendant.     :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF No. 63) to the Magistrate Judge's Report and Recommendations recommending the Motion to Vacate be denied (the "Report," ECF No. 61). District Judge has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 64).

White does not dispute the analysis in the Report that he is now seeking to litigate the merits of a motion to suppress which was never filed, as an underlying claim to support his assertion that Cheryll Bennett provided ineffective assistance of trial counsel when she did not file such a motion. He claims he told her he owned the drugs which formed the basis of his conviction from the outset of her representation. In a sworn Affidavit, Ms. Bennett says not, and that White changed his story after his girlfriend testified at the detention hearing. The Report gives reasons why the Magistrate Judge accepts Ms. Bennett's testimony instead of White's.

1

In his Objections, White calls Ms. Bennett's Affidavit a "sham." (Objections, ECF No. 63, PageID 238-39). He relies on *Blackledge v. Allison*, 431 U.S. 63 (1977) to support his position. *Id.* at PageID 239. In *Blackledge* the Supreme Court held that an unkept bargain that induced a guilty plea was grounds for habeas corpus relief. 431 U.S. at 79-80 n.19. In this case there was a written Plea Agreement (ECF No. 32). White has not identified anything he was promised in the Plea Agreement that he did not receive. In fact he was sentenced to 120 months' imprisonment, the mandatory minimum sentence for the offense of conviction, intentionally possessing with intent to distribute one kilogram or more of heroin. 21 U.S.C. § 841(b)(1)(A)(i). That sentence was thirty-one months below the bottom of the Sentencing Guideline Range. *Blackledge* provides no support for White's position.

White asserts the Government has created a "sham factual claim of standing." (Objections, ECF No. 63, PageID 239). In fact, it is White who has attempted to create an issue of standing by presenting evidence in post-conviction to support his claimed standing to file a motion to suppress. If he had presented that evidence to Ms. Bennett before agreeing to plead guilty, he would have made at least a colorable showing of standing to contest the search at his mother's residence on Woodbury. But he did not.

Last, he asserts this Court should exercise its inherent power and find the Government has acted in bad faith "by purposely withholding ALL the material (exculpatory) evidence contained in the warrant affidavits and inventory venue [sic] items seized from 305 Leland Ave. and 135 Woodbury." (Objections, ECF No. 63, PageID 240, citing *Workman v. Bell*, 227 F.3d 331, 335 (6th Cir. 2000). The Government has a duty to produce exculpatory evidence to a defendant in a criminal case. *Brady v. Maryland*, 373 U.S. 83 (1963). But that is a duty which exists only up until the time of trial. Here, White waived the right to demand discovery by pleading guilty.

Furthermore, he has not shown that the contents of those affidavits and returns are in any way exculpatory. In fact, so far as this Court knows, White does not know what is in those affidavits because they were sealed by the Dayton Municipal Court and apparently remain under seal without any formal action by White to have that court unseal them.

A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea[,]" including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

By entering a knowing, intelligent, and voluntary plea of guilty, White has forfeited any claim that his conviction is supported by evidence seized from him in violation of the Fourth Amendment.

**Conclusion**

Upon reconsideration of the case in light of the Objections, the Magistrate Judge again recommends the Motion to Vacate be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 20, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).