# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:17-cr-190
                                  Also 3:19-cv-87

                                    District Judge Walter H. Rice
   - vs -                       Magistrate Judge Michael R. Merz

DEANDRE EUGENE WHITE,

        Defendant.    :

## REPORT AND RECOMMENDATIONS ON DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT

This case under 28 U.S.C. § 2255 is before the Court on Defendant's Motion for Relief from Judgment (ECF No. 82). As a post-judgment motion, it is referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) for a report and recommended disposition.

**Litigation History**

In the underlying criminal case, Defendant White agreed to plead guilty to a one-count information charging possession with intention to distribute one kilogram or more of heroin (Information, ECF No. 30; Plea Agreement, ECF No. 32). After reviewing a Presentence Investigation Report, Judge Rice sentenced White to imprisonment for 120 months, the statutory minimum, on April 4, 2018 (Judgment, ECF No. 44). White took no appeal, but almost a year later

1

filed the instant Motion to Vacate, pleading ineffective assistance of trial counsel in two respects: professionally unreasonable advice to plead guilty to the information and failure to file a motion to suppress "the evidence seized from his mother's and Movant's residence. . . ." (ECF No. 47, PageID 100). In the Report recommending dismissal, the Magistrate Judge wrote: "The two claims are intertwined: if there was no sound basis for a motion to suppress, then the motion would likely have failed and it was not ineffective assistance of trial counsel to fail to advise White it would have succeeded" (ECF No. 61, PageID 218). Judge Rice adopted that Report and dismissed the case on November 15, 2019 (ECF No. 72). On April 22, 2020, the Sixth Circuit denied White a certificate of appealability and dismissed his appeal (ECF No. 77). White filed the instant Motion for Relief from Judgment on June 21, 2021 (ECF No. 82).

**The Rule in Question**

Fed.R.Civ.P. 60(b) provides

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

**Defendant's Claims**

White asserts the authority to grant him relief from judgment is found in Rule 60(b)(4), 60(b)(5), or 60(b)(6). Arguing under 60(b)(4), he asserts the judgment dismissing his § 2255 Motion is void because he was denied due process of law in the way the Court reached that conclusion (ECF No. 82, PageID 283). Arguing under 60(b)(5), he asserts the judgment "no longer has legal equity." *Id.* at PageID 284. Finally, he argues 60(b)(6) authorizes relief where to do so is in the interest of justice or to avoid a miscarriage of justice.

White asserts he was denied due process "where the district court failed to observe and review Defendant's § 2255 motion and claim in accordance with the mandates set forth for initial review(s) of § 2255 motions (better known as the "sceening [sic] process") pursuant to Title 28 U.S.C. § 2255." *Id.* at PageID 284. White acknowledges the Court considered his expressed claims, but says it missed "an implicit, observable additional claim under his warrant challenge/argument, that if true, also warranted relief, which was that counsel was ineffective in failing to challenge the warrant and file a motion to suppress on the basis that the warrant failed to include/attach the affidavit, and both were filed separately." *Id.* White claims the Court should have noticed this deficiency *sua sponte,* either in the underlying criminal case before the guilty plea or in screening his § 2255 Motion. *Id.* at PageID 285. He also claims that the Court's failure to hold an evidentiary hearing deprived him of due process. *Id.* at PageID 286.

3

# Analysis

Because White's Motion challenges the integrity of the process by which this Court decided to deny his § 2255 Motion, his argument is properly made in a Rule 60(b) motion and is not a second or successive habeas application requiring permission from the circuit court under 28 U.S.C. § 2244(d) to proceed. *Gonzalez v. Crosby,* 545 U.S. 524 (2005).

Defendant's Motion for Relief from Judgment should, however, be denied on the merits for each of the following, non-exclusive reasons.

**The Court Had No Duty to Imagine a Ground for Relief and Insert in the § 2255 Motion**

First of all, White was not entitled to have the Court invent grounds for relief on his behalf. He acknowledges the Court decided his express habeas claims, but argues:

> The Defendant, though, as well, had an implicit, observable additional claim under his warrant challenge/argument, that if true, also warranted relief, which was that counsel was ineffective in failing to challenge the warrant and file a motion to suppress on the basis that the warrant failed to include/attach the affidavit, and both were filed separately.

(Motion, ECF No. 82, PageID 284).

White relies on *Haines v. Kerner*, 404 U.S. 519 (1972), where the Supreme Court held a *pro se* litigant is entitled to liberal construction of his or her pleadings. But a duty to liberally construe *pro se* pleadings does not equate to a duty to search the record for constitutional claims

the litigant has not made and White cites no authority that would expand "liberal construction" to that extent.

**There Is No Constitutional Requirement that the Supporting Affidavit Be Attached to the Warrant**

White's underlying substantive claim is that the fruits of the two search warrants were suppressible because the supporting Affidavits were not attached to the warrants.

White has not proven that supposed fact. He presents copies of the two search warrants that were executed in this case (ECF No. 982, Exhibit 1, PageID 290-93). As he notes, the second page of each of them says "page 2 of 2." But that does not prove there was no Affidavit attached to the Warrant when it was signed by the authorizing judge. Each of the Warrants refers to a supporting Affidavit sworn to in the presence of the issuing judge which is on file with the court of which the issuing judge is an officer.

Furthermore, the cited law does not support White's argument that the Fourth Amendment requires the Affidavit to be attached. His principal cited authority is *Groh v. Ramirez*, 540 U.S. 551 (2004). There the Supreme Court expressly held that the Fourth Amendment does not prohibit

> a warrant from cross-referencing other documents. Indeed, most Courts of Appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant. See, e.g., *United States v. McGrew*, 122 F.3d 847, 849-850 (CA9 1997); *United States v. Williamson*, 1 F.3d 1134, 1136, n. 1 (CA10 1993); *United States v. Blakeney*, 942 F.2d 1001, 1025-1026 (CA6 1991); *United States v. Maxwell*, 287 U.S. App. D.C. 234, 920 F.2d 1028, 1031 (CADC 1990); *United States v. Curry*, 911 F.2d 72, 76-77 (CA8 1990); *United States v. Roche,* 614 F.2d 6, 8 (CA1 1980).

540 U.S. at 557-58. Here the issuing judges referenced affidavits which had been sworn to before them.[1]

White also relies on *Sanders v. Parrish,* 141 Fed. Appx. 412 (6th Cir.2005). There the Sixth Circuit held an attached affidavit or one incorporated by reference cured the facial deficiencies in the search warrant itself. It neither held or even suggested that it was a violation of the Fourth Amendment to execute a search warrant without an attached affidavit.

In *United States v. Leary*, 846 F. 3d 592 (10th Cir. 1988), the court held that lack of particularity in a search warrant can be cured by an attached affidavit. Here White does not challenge the particularity of the warrant or assert Attorney Bennett provided ineffective assistance of trial counsel because she did not challenge the warrants on that basis. Rather he claims the warrant were unconstitutional *per se* because the affidavits were not attached. Here the warrants are not lacking in particularity, so the United States would not have had to rely on the "cure by incorporation" doctrine to supplement the warrants.

Because a motion to suppress the search results because the affidavits were not attached to the warrants would have been unsuccessful, it cannot be that Attorney Bennett provided ineffective assistance of trial counsel when she failed to file a motion to suppress making that claim.

**White Has Procedurally Defaulted this Claim By Not Raising It on Appeal**

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

---

[1] Because these are state-court warrants, the files in which they are kept are not before this Court, so the Magistrate Judge cannot verify or disverify whether the Affidavits were on file at any particular point in time.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).

A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). Absent manifest injustice or special circumstances such as a change in the law, § 2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. Hertz & Liebman, Federal Habeas Corpus Practice and Procedure 6th, §41.7(e)(2011), *citing Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n. 8 (1969); Yackle, POSTCONVICTION REMEDIES, §108 (1981)*, citing Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993).

It is well-established that a § 2255 motion "is not a substitute for a direct appeal." *Ray v. United States,* 721 F.3d 758, 761(6th Cir. 2013), quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady,* 456 U.S. 152, 167-68 (1982)). Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray, supra,* citing *Bousley v. United States,* 523 U.S. 614, 622 (1998) (internal citations omitted).

Because this claim relating to the search warrant affidavits could have been raised on direct appeal but was not, it is not a proper subject for § 2255 relief, much less for a Rule 60(b) motion to reopen a § 2255 judgment.

**White's Motion Does Not State A Claim for Relief under Fed.R.Civ.P. 60(b)**

Each of White's asserted bases for relief under Fed.R.Civ.P. 60(b) is without merit.

Fed.R.Civ.P. 60(b)(4) permit vacation of a judgment that is "void." White's premise is that he was denied due process by the way his § 2255 Motion was processed and that fact renders the judgment void.

A judgment is not void merely because it is erroneous. The Rule "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc., v. Espinosa*, 559 U.S. 260, 271 (2010).

> [A judgment] is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law. Of course, although a challenge on one of those three grounds can be made under Rule 60(b)(4), if the court finds that there was subject-matter or personal jurisdiction, or that no due process violation has occurred, the motion will be denied.

Wright, Miller, and Kane, Federal Practice and Procedure: Civil 3rd § 2862 (footnotes omitted).

White's claimed denials of due process are that (1) the Court did not infer an unstated claim for relief (ineffective assistance of trial counsel for failure to challenge the search warrants for lack

8

of an attached affidavit) and (2) the Court did not hold an evidentiary hearing. There is no constitutional due process right to either.

Fed.R.Civ.P. 60(b)(5) authorizes vacation of a judgment if the judgment has been satisfied, released, or discharged or it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is no longer equitable. White makes no particularized argument for the application of Rule 60(b)(5). That is, he does not say why it is inequitable to keep in place a well-considered judgment as to which the circuit court held there was no colorable ground for appeal.

Fed.R.Civ.P. 60(b)(6) authorizes vacation of a judgment "for any other reason justifying relief."

> Rule 60(b)(6) is a "catchall" provision that "vests courts with a deep reservoir of equitable power to vacate judgments 'to achieve substantial justice' in the most 'unusual and extreme situations.'" *Zagorski v.* Mays, 907 F.3d 901, 904 (6th Cir. 2018) (quoting *Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir. 2007)). The Sixth Circuit has made clear that Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter,* 790 F .3d 693, 696-97 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.,* 738 F.3d 741,750 (6th Cir. 2013)). In other words, Rule 60(b)(6) is to be used rarely-especially in habeas corpus. *See Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005).

*Hand v. Houk,* 2020 U.S. Dist. LEXIS 41511 *3 (S.D. Ohio Mar. 10, 2020)(Watson, J.). The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell,* 580 F.3d 423, 442 (6th Cir. 2009), quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 529 (6th Cir. 2001).

White presents no compelling case for relief under Fed.R.Civ.P. 60(b)(6). If relief were granted, his new ineffective assistance of trial counsel claim would be barred by the statute of

9

limitations, by his procedural defaults in failing to include it in objections to the Report and Recommendations on the merits or on appeal, and because the substantive claim and the ineffective assistance of trial counsel claim based on it are without merit.

**White Had No Due Process Right to an Evidentiary Hearing**

White claims he was denied due process of law when this Court denied his § 2255 Motion without an evidentiary hearing. In fact the Rules Governing § 2255 Motions expressly contemplate that such motions can be decided without an evidentiary hearing. Although White requested a hearing, the Magistrate Judge resolved the credibility dispute between him and his trial attorney on a basis which was fully supported by the record. Finally, both his claim of denial of due process in failing to hold an evidentiary hearing and his underlying claim that the warrant could have been suppressed because the affidavits were not attached could have been raised on appeal, but were not.

**White's Motion Is Untimely**

Motions for relief from judgment under Fed.R.Civ.P. 60(b)(4), (b)(5), and (b)(6) must be brought "within a reasonable time" after judgment. Judgment denying White's § 2255 Motion was entered November 14, 2019, yet he waited until June 21, 2021, to seek relief from that judgment. He gives absolutely no explanation of his delay. He knew the facts on which his Motion is based well before he filed his § 2255 Motion in the first place.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Defendant's Motion for Relief from Judgment be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 24, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #