THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | |
| v. | : | Case No. 3:17-cr-190 |
| DEANDRE EUGENE WHITE, | | Judge Walter H. Rice |
| | : | |
| Defendant. | | |

ORDER OVERRULING FIRST (DOC. #78) AND SECOND (DOC. #86) MOTIONS FOR COMPASSIONATE RELEASE OF DEFENDANT DEANDRE EUGENE WHITE

___

Before the Court are the First (Doc. #78) and Second (Doc. #86) Motions for Compassionate Release of Defendant Deandre Eugene White. For the reasons set forth below, the Motions are OVERRULED.

I.  **Factual Background and Procedural History**

On April 4, 2018, Defendant was sentenced to 120 months imprisonment after pleading guilty to one count in the Information of possession with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin.[1] (Judgment, Doc. #44, citing 21 U.S.C. § 841(a)(1), (b)(1)(A)(i); Information, Doc. #30). Defendant is thirty-seven years old with a present release date of February 4, 2025.[2] Defendant subsequently filed a Motion

___

[1] Subsequent references to "heroin" encompass the statutory definition of "a mixture or substance containing a detectable amount."

[2] https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last accessed Jul. 8, 2024).

to Vacate Sentence Under 28 U.S.C. § 2255, which this Court dismissed with prejudice. *United States v. White*, No. 3:17-cr-190, 2019 WL 5260470 (Nov. 15, 2019) (Rice, J.).[3]

On September 30, 2020, Defendant filed a request to his Warden seeking compassionate release due to the COVID-19 pandemic. (Inmate Request, Doc. #78-1, PAGEID 276). After not receiving a response within the statutorily prescribed thirty-day waiting period, 18 U.S.C. §3582(c)(1)(A), *as amended by the* Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("First Step") Act of 2018, Pub. L. 115-391, 132 Stat. 5194, Defendant filed the First and Second Motions on November 23, 2020, and September 7, 2021, respectively.

In the First Motion, Defendant argues that his severe asthma makes him particularly susceptible to contracting COVID-19. (Doc. #78, PAGEID 273). In the Second Motion, filed September 7, 2021, Defendant reiterates his previous statement that his "severe bronchial asthma and hypertension and the COVID-19 pandemic[,]" coupled with the fact that he is not a danger to the community, compel compassionate release. (Doc. #86, PAGEID 320). Specifically, he argues that the high number of people living in close proximity means that prisoners are contracting COVID-19 at rates far higher than the general public. (*Id*. at PAGEID 321-22). Defendant notes that the Centers for Disease Control state that asthma

---

[3] The United States Court of Appeals for the Sixth Circuit denied Defendant's request for a certificate of appealability and dismissed his appeal on April 21, 2020. (Order, Doc. #77).

2

and hypertension often exacerbate COVID-19 symptoms and can result in hospitalization.  (*Id*. at PAGEID 323 n.10, citing Ctrs. for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Apr. 15, 2024).  Defendant further argues that the time he has served in prison is both adequate punishment for his crime and sufficient deterrence against him committing such a crime again.  (*Id*. at PAGEID 325-26).

In its memorandum *contra* filed under seal[4], Plaintiff United States of America ("the Government") notes that (a) Defendant admitted that he possessed more than four kilograms of heroin, and (b) Defendant's 120-month sentence was a statutory mandatory minimum, and argues that releasing him early would not be commensurate with the seriousness of the offense for which he was convicted.  (Doc. #88, PAGEID 349, citing 18 U.S.C. § 3553(a)(6); Plea Agmt., Doc. #32, PAGEID 60).  Defendant did not file a reply.

The matter is ripe for decision.

II. **Legal Standards**

A district court may, in certain limited circumstances, grant "compassionate release" and modify a term of imprisonment after it has been imposed:

> The court may not modify a term of imprisonment once it has been imposed except that—*in any case*—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

---

[4] The memorandum and supporting records were presumably filed under seal so as to disclose Defendant's personal health information.  Those records play no part in the Court's decision.

3

> defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), (1) after considering the factors set forth in section 3553(a) to the extent that they are applicable, (2) if it finds that extraordinary and compelling reasons warrant such a reduction . . . *and* (3) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (numeration and emphasis added). A defendant who does not (a) submit the request to his or her warden to move for compassionate relief on his or her behalf and (b) wait either for the warden to deny the request or for the warden not to respond within thirty days may not file a compassionate release motion in this Court. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (internal quotation marks and citation omitted) (holding that the First Step Act's exhaustion requirement is, in essence, a "mandatory claim-processing rule[]" that, when properly invoked, a court must enforce by dismissing the motion).

If the district court adjudges that a defendant has not met one of the elements, then it may overrule a motion for compassionate release without discussing any of the other elements. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Further, relief under the statute is wholly discretionary; even if a defendant meets all three elements of the statute, the Court may, but need not, order compassionate release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

4

**III.   Analysis**

The Court need not examine whether Defendant's health issues and any consequent vulnerability to COVID-19 present an extraordinary and compelling reason for compassionate release, because the 18 U.S.C. § 3553(a) factors compel this Court to overrule the Motions.  As discussed above, the Court must consider all sentencing factors as part of its 18 U.S.C. § 3582(c)(1)(A) analysis, *including* the existence of a mandatory minimum sentence.  *Jones*, 980 F.3d at 1115.  Defendant's crime of possessing at least one kilogram of heroin with intent to distribute is considered such a serious threat to the community that Congress enacted a mandatory minimum sentence.  21 U.S.C. § 841(b)(1)(A)(i).  Notably, while many mandatory minimum sentences were lessened or eliminated as part of the First Step Act and other legislation, the statutory minimum for possession of heroin with intent to distribute was left undisturbed.

Moreover, Defendant was given the minimum sentence despite possessing more than four kilograms of heroin—*i.e.*, four times the quantity necessary to trigger the mandatory minimum.  Defendant's conduct was, in other words, precisely of the kind that Congress deemed so serious and dangerous to the community that it concluded that it needed to limit the sentencing discretion of district courts as to defendants convicted of violating the statute.  To allow Defendant to be released on equitable grounds prior to the expiration of that minimum sentence would contravene Congressional intent and would fail "to reflect the seriousness of the offense" or "to protect the public from further crimes

5

of the defendant[.]"  18 U.S.C. § 3553(a)(2)(A, C); *United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. 2021).  As Defendant has failed to satisfy the 18 U.S.C. § 3553(a) factors element, the Motions must be overruled.[5]

### IV. Conclusion

For the reasons set forth above, Defendant's First Motion (Doc. #78) and Second Motion (Doc. #86) are OVERRULED.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

July 10, 2024

*(signature)*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

---

[5] The Court need not consider whether a defendant with an otherwise-extraordinary and compelling reason for compassionate release may be released in contravention of a mandatory minimum, because Defendant has failed to meet the sentencing factors element regardless of whether the Court has such authority.

6